BANK *v.* CHATTANOOGA PULLEY CO.

(*Knoxville.* September 28, 1896.)

1. COLLATERAL SECURITY. *Pledgee's duty and liability defined.*

A pledgee who takes, as collateral security, notes secured by retention of title to property, incurs no obligation to sue for the property, and, if he does so, at the request and for the benefit of the pledgor, upon the latter's agreement to pay all expenses, the pledgee assumes no obligation to take charge of the property, after its recovery, and advance attorney fees and other expenses, and to sell and apply its proceeds to his debt. (*Post, pp. 309–312.*)

2. CONTRACT. *To pay debts pro rata construed.*

That a corporation which has taken the assets of another corporation, agreeing to pay in consideration thereof certain of its debts *pro rata*, compromises some of them for less than their face, will not be taken into consideration in determining the *pro rata* amount to be paid on another of the debts. (*Post, pp. 312–314.*)

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

WHEELER & McDERMOTT for Bank.

COOKE, SWANEY & COOKE for Pulley Company.

WILKES, J. Suit was brought by the bank to collect a note for $850 and interest from the defendant company. This note was made by the Chattanooga Wood Split Pulley Company to Willingham, and by him indorsed to complainant. The defendant company took the assets of the Split Pulley Company, and agreed to pay, in consideration, certain debts of the old company. At the same time the note was delivered to the bank, collaterals to the amount of the note were also handed to it. These collaterals were the notes of the Muskegon Lumber Company, payable to the old company.

Upon the hearing, the Chancellor held that complainant was entitled to recover the amount of the note and interest, and gave judgment therefor, and respondent appealed and assigned errors. The cause has been heard by the Court of Chancery Appeals, and that Court was of opinion that the course of dealing between the parties had been such that it would be inequitable to allow complainant to recover the full amount of its debt and interest, unless it should be charged with the value of certain personal property replevied in Florida, by virtue of and in a suit upon the collaterals held by it, and which it appears had never been disposed of. It directed that after credit should be entered for this value, the defendant should account to complainant for the balance of the debt, on the basis of an estimation of said debt in connection with all other debts taken up and canceled by the defendant, at the amount at which

they were canceled, in the proportion which such indebtedness thus estimated, all taken together, bears to the property of the old company taken over by the new company. A reference was ordered to ascertain the value of the collaterals at the date of such reference, the amount of indebtedness settled by the defendant, and the value of the property received by the defendant from the old company, and the cause was remanded to the Chancery Court of Hamilton County to execute the reference and for further proceedings.

Complainant appealed from so much of the decree as charged it with the value of the property replevied in Florida, and defendant from all the rest of the decree, and specially so much as fixed the value of the machinery to be credited as of the date of reference instead of the date when possession was taken under the replevin proceedings.

Both parties appealing, both have assigned errors and filed briefs supporting their contentions. The theory of the complainant bank is that it only held the notes of the old company as collateral, and while the old company was entitled, because of their notes, to recover the property replevied in Florida to secure their payment, the legal title of the property having been retained for this purpose, still the bank was not obliged to pursue and take possession of this property, but only to exercise due diligence to collect the collateral notes, which it did by suit and judgment; that, while the property was replevied

in its name, this was done on the request of the
old company, and for its accommodation, and not
because of any legal obligation so to do; that it was
not bound to incur any expenses or advance any
attorney's fees or to cause the property to be shipped
after it was replevied; that the property was never
pledged to the bank, and it was never in its pos-
session, except under the agreement for the use of
its name by the old company, and such possession
was that of the old company, and not of the bank,
and the suit, though in the name of the bank, was
really the suit of the old company, and, hence, the
bank should not be held liable for the property or
its value.

It appears that, when the property was recovered
under the replevin suit in the name of the bank,
but at the instance and real suit of the old com-
pany, there was an attorney's fee of $50, which
had to be paid before the property could be shipped,
and it would have been shipped upon the payment
of this fee, but the fee was not paid by either
party, and, hence, the property was not shipped,
but is still in Florida.

The Court of Chancery Appeals found that it was
not the duty of the complainant bank to pay the
fee, and also that the old company agreed to pay
it; therefore, the Court was unwilling to charge
complainant with the property, and unwilling to
charge defendant with the whole debt, and hence the
reference to ascertain the present value of the prop-

erty, upon the idea that defendant should have credit therefor.

The defendant contends, however, that the bank should be charged with the value of the property when it was replevied, and not its present value. Unquestionably this would be true if the bank, of its own motion, had undertaken to bring this suit and replevy this property, or if it had been its legal duty so to do. In that event, it must, at its peril, have proceeded to take the property into actual possession, and realize whatever it could from it, and credit the defendant therewith, and to have done everything necessary and made all proper advances and paid all proper expenses, to realize the value of the property.

But the Court of Chancery Appeals finds that the suit was brought not by the complainant on its own motion, and in discharge of a duty it owed as holder of the collateral, but at the request of the old company, and for its benefit and accommodation, and that after the property was replevied the old company could have caused its delivery by advancing the $50 attorney's fee, and forebore to do so, although it promised to pay it through Mr. Patton, its agent and officer, who was also secretary and general manager of defendant company. The Court of Chancery Appeals has tried, in view of all these facts, to do equity between the parties by its decree and reference.

It is next insisted that the Court of Chancery

Appeals erred in fixing the basis upon which the complainant should be allowed to recover upon the balance of its debt after applying the proceeds of the property replevied, that basis being to add all the debts of the old company together, including this one and those taken up by the new company by compromise and canceled, estimating them at the amount at which they were compromised instead of their original amount, and allowing complainant's balance to share in the proportion which this indebtedness bears to the property of the old company taken over by the new company. The defendant claims that this balance should only prorate with the balance of the creditors in the assets of the old company, counting the debts at the original amounts.

The contention is that the complainant should have no benefit from the compromise which the other creditors had made, inasmuch as the old company was hopelessly insolvent.

We are of opinion that, under the facts as found by the Court of Chancery Appeals, there is error in the conclusion to which they have come, and in the decree rendered by them.

If the complainant bank did all that the law required as to the collection of the collaterals, it cannot be charged with anything on that account unless it actually collected them or something upon them. We think the Court is correct in holding that they were under no legal obligation to bring the suit to recover this property which was bound for the notes.

The Court of Chancery Appeals further finding that the bank brought the suit merely to accommodate the old company and for its benefit, and that the old company agreed to pay the expense of the suit, it was the duty of the old company to advance the fee and get possession of the replevied property, and to apply its proceeds to the debt. We are of opinion, therefore, that the bank cannot be charged with anything on account of this property, but the defendant company is entitled to take the same and dispose of it, and realize from it such amounts as may be practicable. The bank is, however, not entitled to an absolute money decree against the defendant pulley company, but to have its debt as ascertained by the Chancellor, and to have a *pro rata* upon it from the new company. This *pro rata* will be fixed by ascertaining the entire amount of the debts of the old company, including complainant's debt as fixed by the Chancellor, and interest, and the debts of the old company which have been paid by the new company, and by further ascertaining the value or amount of assets of the old company taken by the new; but the fact that any of the debts have been compromised and settled for less than their face will not be taken into consideration—in other words, the assets of the old company taken by the new will be treated as a fund for the payment of all the debts of the old company *pro rata,* and complainant will have its *pro rata* therein.

The decrees of the Court of Chancery Appeals and Chancellor will be reversed and modified as herein indicated, and the cause is remanded to the Chancery Court for a reference upon the matters herein, and such other proceedings as may be desired. The costs of the appeal will be paid one-half by complainant and the other half by the defendant. The costs of the Court below will be adjudged by the Chancellor.